# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### Assigned on Briefs December 5, 2006

## STATE OF TENNESSEE v. ROBERT SMITH

**Appeal from the Circuit Court for Madison County**
**No. 05-446     Donald H. Allen, Judge**

---

**No. W2006-00998-CCA-R3-CD  - Filed January 23, 2007**

---

The Appellant, Robert Smith, was convicted by a Madison County jury of the misdemeanor offenses of possession of marijuana and possession of drug paraphernalia. As a result of these convictions, Smith received two sentences of eleven months and twenty-nine days in confinement. The trial court further ordered that the two sentences be served concurrently but consecutively to two previously imposed suspended misdemeanor sentences, which Smith was currently serving on probation. On appeal, Smith raises two issues for our review: (1) whether the evidence is sufficient to support the convictions; and (2) whether the trial court erred in imposing consecutive sentencing. After review of the record, we affirm.

**Tenn. R. App. P. 3; Judgment of the Circuit Court Affirmed**

DAVID G. HAYES, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS and J.C. MCLIN, JJ., joined.

Gregory D. Gookin, Assistant Public Defender, Jackson, Tennessee, for the Appellant, Robert Smith.

Robert E. Cooper, Jr., Attorney General and Reporter; Brent C. Cherry, Assistant Attorney General; James G. (Jerry) Woodall, District Attorney General; and Shaun A. Brown, Assistant District Attorney General, for the Appellee, State of Tennessee.

## OPINION

### Factual Background

At approximately 10:30 a.m. on March 28, 2005, the Appellant called the Jackson Police Department and reported that he had rented room 150 at the Old Hickory Inn and that someone was in his room. The Appellant related to the police that when he returned to his room and opened the door, the light went out. He stated that he "got scared and left to call the police." Officer John Hasz responded to the call and was informed by the Appellant that the person in his room had stolen his watch, cell phone, and approximately $1400. Officer Hasz and the Appellant proceeded to the room to investigate. Upon entering, Hasz found the Appellant's cell phone in a chair hooked up to a

charger and his watch on the night stand. Hasz also observed a partially smoked marijuana cigarette in an ashtray, as well as "a bottle fashioned into a crack pipe."

The Appellant initially told Hasz that he was alone in the room. However, he later admitted that his girlfriend had been with him, but the Appellant was unable to provide Hasz with her name. Additionally, when questioned about the allegedly stolen items, Hasz changed the amount of money that was missing from $1400 to $700. He had no explanation as to why the other items he reported stolen were found in the room. Hasz investigated but found no evidence of another person in the room, and, as noted, the officer found all the items reported stolen by the Appellant with the exception of the cash.

The Appellant was subsequently arrested for simple possession of marijuana and possession of drug paraphernalia. While in jail, the Appellant was visited by Jim Midyett. During their conversation as to why the Appellant was arrested, the Appellant informed Midyett that he "was missing a bag of weed and $700."[1]

On August 1, 2005, a Madison County grand jury returned a two-count indictment against the Appellant charging him with: (1) simple possession of marijuana; and (2) possession of drug paraphernalia. Following a February 2, 2006 jury trial, the Appellant was convicted of both counts.[2] A sentencing hearing was conducted on March 9, 2006, after which the Appellant was sentenced to two concurrent sentences of eleven months and twenty-nine days for the offenses in this case. However, the trial court ordered that the sentences be served consecutively to sentences received in two prior Madison County misdemeanor cases. The Appellant subsequently filed a motion for new trial, which the trial court denied. This appeal followed.

**Analysis**

On appeal, the Appellant raises two issues for our review. First, he asserts that the evidence presented is insufficient to support his two misdemeanor convictions. Additionally, he asserts that the trial court erred in imposing consecutive sentencing.

## I. Sufficiency of the Evidence

---

[1] The proof established that Midyett was the Appellant's probation officer and had contacted the Appellant at the jail in order discuss the Appellant's new arrest. Although Midyett testified as to his brief conversation with the Appellant at trial, the trial court instructed that no reference be made to the fact that Midyett was the Appellant's probation officer or to prior arrests of the Appellant.

[2] The record reflects that the Appellant was tried in absentia based upon his highly disruptive behavior at trial which included, "outburst in front of the jurors," repeated "screaming" in the courtroom, and loud and contemptuous comments to the trial judge. The Appellant was repeatedly admonished that his conduct would lead to removal from the courtroom; nonetheless, the Appellant persisted in his disruptive behavior. As a result, the Appellant was held in contempt of court on five occasions and was ordered to serve a total of fifty days in jail, consecutive to the sentence imposed in this case.

First, the Appellant challenges the sufficiency of the convicting evidence with regard to his two convictions. In considering the issue of sufficiency of the evidence, we apply the rule that where the sufficiency of the evidence is challenged, the relevant question for the reviewing court is "whether, after viewing the evidence in the light most favorable to the [State], *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); *see also* Tenn. R. App. P. 13(e). Moreover, the State is entitled to the strongest legitimate view of the evidence and all reasonable inferences which may be drawn therefrom. *State v. Harris*, 839 S.W.2d 54, 75 (Tenn. 1992). All questions involving the credibility of witnesses, the weight and value to be given the evidence, and all factual issues are resolved by the trier of fact. *State v. Pappas*, 754 S.W.2d 620, 623 (Tenn. Crim. App. 1987). This court will not reweigh or reevaluate the evidence presented. *State v. Cabbage*, 571 S.W.2d 832, 835 (Tenn. 1978).

"A guilty verdict by the jury, approved by the trial judge, accredits the testimony of the witnesses for the State and resolves all conflicts in favor of the theory of the State." *State v. Grace*, 493 S.W.2d 474, 476 (Tenn. 1973). A jury conviction removes the presumption of innocence with which a defendant is initially cloaked and replaces it with one of guilt, so that on appeal, a convicted defendant has the burden of demonstrating that the evidence is insufficient. *State v. Tuggle*, 639 S.W.2d 913, 914 (Tenn. 1982). These rules are applicable to findings of guilt predicated upon direct evidence, circumstantial evidence, or a combination of both. *State v. Matthews*, 805 S.W.2d 776, 779 (Tenn. Crim. App. 1990).

As noted, the Appellant was convicted of misdemeanor possession of marijuana and possession of drug paraphernalia. In order to convict the Appellant of possession of marijuana, the State was required to prove that the Appellant knowingly possessed a controlled substance. T.C.A. § 39-17-418(a) (2003). With regard to the possession of drug paraphernalia, the State was required to establish that the Appellant "possess[ed] with intent to use, drug paraphernalia to . . . inject, ingest, inhale, or otherwise introduce into the human body a controlled substance." T.C.A. § 39-17-425(a)(1) (2003). In this case, there is no dispute that the substance found in the Appellant's motel room was marijuana. Nor is it disputed that the bottle found in the Appellant's motel room, which was "fashioned into a crack pipe," could have been used to ingest or inhale a controlled substance into the human body as defined by the drug paraphernalia statute. Rather, the Appellant's argument focuses upon the question of whether the State established that he in fact possessed the objects in question. In fact, the Appellant's entire argument with regard to this issue, other than a brief recitation of sufficiency law, is as follows:

> The evidence was insufficient to support the jury's verdict of guilt. Officer Hasz did not give [the] Appellant a blood test to determine the presence of marijuana in his system. In addition, [the] Appellant was never seen in possession of either the marijuana cigarette or the crack pipe.

The Appellant's argument appears to be based upon the erroneous premise that in order to convict of the charges, it must be established that he either used the drugs or was in actual possession

of them. To establish a charge for possession of a controlled substance, there is clearly no requirement that the drugs be ingested into the body. Moreover, a conviction for the possession of drugs may be based upon either actual or constructive possession. *State v. Shaw*, 37 S.W.3d 900, 903 (Tenn. 2001). In discussing the nature of constructive possession, this court has stated that, before a person can be found to constructively possess drugs, it must appear that the person has "the power and intention at a given time to exercise dominion and control over . . . [the drugs] either directly or through others." *State v. Transou*, 928 S.W.2d 949, 956 (Tenn. Crim. App. 1996) (citations omitted); *see also Shaw*, 37 S.W.3d at 903. In other words, "constructive possession is the ability to reduce an object to actual possession." *State v. Ross*, 49 S.W.3d 833, 845-46 (Tenn. 2001) (citations omitted). The element of knowledge of the presence of a controlled substance, for purposes of unlawful possession, is oftentimes not susceptible to direct proof. However, knowledge may be circumstantially proven by evidence of acts, statements, or conduct. *Transou*, 928 S.W.2d at 956. Additionally, possession of the premises in which the contraband is found creates an inference that the possessor had possession of the contraband. *Ross*, 49 S.W.3d at 846. Nonetheless, mere presence in the area where the drugs are discovered is not, standing alone, sufficient to support a conviction for possession. *Id.*

Following review, we conclude that the evidence is sufficient to support the convictions. Officer Hasz found a partially smoked marijuana cigarette and a bottle fashioned into a crack pipe in Room 150 of the Old Hickory Inn. The Appellant called police to this room, which he claimed possession of, to report that someone had entered his room and stolen certain items. Thus, an inference arose that the Appellant, as possessor of the premises in which the items were found, had possession of the illegal items themselves. Nothing in the record before us rebuts that inference. Hasz found no evidence of another person's presence in the room. Moreover, the Appellant told Midyett that he was "missing a bag of weed." This issue is without merit.

## II. Consecutive Sentencing

Next, the Appellant asserts that the trial court erred in imposing consecutive sentences. While the court ordered that the two eleven month and twenty-nine day sentences in this case be served concurrently, the court ordered that the sentences be served consecutively to two previously imposed misdemeanor sentences in Madison County.

When an accused challenges the length, range, or the manner of service of a sentence, this court has a duty to conduct a *de novo* review of the sentence with a presumption that the determinations made by the trial court are correct. T.C.A. § 40-35-401(d) (2003); *State v. Ashby*, 823 S.W.2d 166, 169 (Tenn. 1991). This presumption is "conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." *Ashby*, 823 S.W.2d at 169. Furthermore, we emphasize that facts relevant to sentencing must be established by a preponderance of the evidence and not beyond a reasonable doubt. *State v. Winfield*, 23 S.W.3d 279, 283 (Tenn. 2000) (citing *State v. Poole*, 945 S.W.2d 93, 96 (Tenn. 1997)). The party challenging a sentence bears the burden of establishing that the sentence is erroneous. T.C.A. § 40-35-401(d), Sentencing Commission Comments.

A trial court may impose consecutive sentencing upon a determination that one or more of the criteria set forth in Tennessee Code Annotated section 40-35-115(b) exists. This section permits the trial court to impose consecutive sentences if the court finds, among other criteria, that (1) "[t]he defendant is an offender whose record of criminal activity is extensive[,]" or (2) "[t]he defendant is sentenced for an offense committed while on probation[.]" T.C.A. § 40-35-115(b)(2), (6) (2003). The length of the sentence, when consecutive in nature, must be "justly deserved in relation to the seriousness of the offense" and "no greater than that deserved" under the circumstances. T.C.A. § 40-35-102(1) (2003); § 40-35-103(2) (2003). Additionally, whether sentences are to be served concurrently or consecutively is a matter addressed to the sound discretion of the trial court. *State v. Hastings*, 25 S.W.3d 178, 181 (Tenn. Crim. App. 1999).

In imposing consecutive sentencing in this case, the trial court found that the Appellant was an offender whose record of criminal activity was extensive and that the instant offenses were committed while the Appellant was on probation. On appeal, the Appellant contends that the trial court was in error because the "Appellant was convicted of two non-violent drug offenses; the only drugs found were contained in a partially burned cigarette. [The] Appellant was a sixty-nine (69) year old man whose only real criminal history consisted of traffic offenses." From his argument, we glean that the Appellant is not challenging the trial court's findings with regard to his record or to the fact that he was on probation at the time the instant offenses were committed.

The Appellant's argument is misplaced. Our review of the record supports the trial court's findings with regard to both an extensive criminal history and the fact that the Appellant was on probation when the instant offenses were committed. As noted by the trial court, the pre-sentence report, which was not disputed by the Appellant, establishes multiple prior misdemeanor convictions. The record indicates nine prior convictions for driving with a suspended or revoked license, six for various traffic offenses, and one for misdemeanor theft. Additionally, the report establishes that the Appellant was on misdemeanor probation at the time the instant offenses were committed. As noted, the Appellant disputes none of these convictions and does not deny that he was on probation. Thus, we must reject the Appellant's argument and conclude that the trial court did not abuse its discretion in ordering that the sentences be served consecutively.

**CONCLUSION**

Based upon the foregoing, the Appellant's judgments of conviction and resulting sentences are affirmed.

_____
DAVID G. HAYES, JUDGE